# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————————

### No. 201600305

————————————————

### UNITED STATES OF AMERICA
Appellee

v.

### CARLO COPPA
Petty Officer Third Class (E-4), U.S. Navy
Appellant

————————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Bethany Payton-O'Brien, USN.
For Appellant: Commander R.D. Evans, JAGC, USN.
For Appellee: Brian Keller, Esq.

————————————————

Decided 30 November 2016

————————————————

Before CAMPBELL, HUTCHISON, and GROHARING, *Appellate Military Judges*

————————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————————

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of failing to obey a lawful general order, wrongfully introducing heroin onto an installation used by the armed forces with the intent to distribute, and wrongfully using heroin, in violation of Articles 92 and 112a of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892 and 912a (2012). The military judge sentenced the appellant to 80 days' confinement and a bad-conduct discharge.

A pretrial agreement required the convening authority (CA) to suspend any adjudged punitive discharge and remit it without further action,

contingent upon the appellant's waiver of an administrative separation board and ultimate administrative separation. Consequently, the accused waived his right to administrative separation board proceedings and has since been administratively discharged from the Navy.

Although not raised as an assignment of error, we note that the CA approved the sentence as adjudged and ordered it executed—acknowledging that the punitive discharge's execution would occur only after final judgment upon appellate review—and mentioned the pretrial agreement's relevant sentence limitation terms without actually suspending the bad-conduct discharge.[1] When a CA fails to take action required by a pretrial agreement, this court has authority to enforce the agreement. *United States v. Cox*, 46 C.M.R. 69, 72 (C.M.A. 1972).

The findings and sentence, as approved by the CA, are affirmed. The supplemental court-martial order will reflect that the bad-conduct discharge was suspended until the appellant's administrative discharge, at which time the suspended punitive discharge was automatically remitted.

For the Court

R.H. TROIDL

Clerk of Court

---

[1] The pretrial agreement also deferred adjudged confinement in excess of time-served as of the date of trial, and required the CA to suspend, as part of the CA's action, that deferred confinement for six months from the appellant's release from confinement. While the CA's action also failed to suspend the deferred 31 days of confinement along with the punitive discharge, that confinement and its negotiated suspension period have both now lapsed—thereby eliminating any risk of prejudice.